O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE S. LACY,<br><br>    Petitioner,<br><br>v.<br><br>R. FISHER, Warden,<br><br>    Respondent. | No. CV 18-9807 JGB (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION;<br><br>REFERRING THE PETITION TO THE U.S. COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A);<br><br>DENYING A CERTIFICATE OF APPEALABILITY |

**<u>DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE</u>**

On or about November 14, 2018, petitioner Ronnie S. Lacy ("Petitioner"), a prisoner in the custody of the California Department of Corrections, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Petitioner challenges the 2001 judgment of the California Superior Court for the County of Los Angeles (Case No. TA101242) convicting

///

---

[1] A pro se prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988). In this case, Petitioner has attached a proof of service to the Petition stating that he submitted the Petition to prison authorities for mailing on November 14, 2018.

him of kidnapping (Cal. Penal Code § 207) and simple assault (Cal. Penal Code § 240) and sentencing him to state prison for an aggregate term totaling 35 years to life.[2]

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") Petitioner filed in this Court on May 28, 2004, Case No. CV 04-3801 PA (SGL). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court in 2001. On June 5, 2006, Judgment was entered in Case No. CV 04-3801 PA (SGL) denying the Prior Petition on the merits and dismissing the action with prejudice.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[2]Petitioner also checked a box on page two of the Petition indicating that the Petition concerns prison discipline. However, the Petition contains no allegations regarding prison discipline. (Docket No. 1.)

|   |   |
|---|---|
| 1 | (B)(I) the factual predicate for the claim could not have |
| 2 | been discovered previously through the exercise of due |
| 3 | diligence; and |
| 4 | (ii) the facts underlying the claim, if proven and |
| 5 | viewed in light of the evidence as a whole, would be |
| 6 | sufficient to establish by clear and convincing evidence |
| 7 | that, but for constitutional error, no reasonable factfinder |
| 8 | would have found the applicant guilty of the underlying |
| 9 | offense. |
| 10 | (3)(A) Before a second or successive application permitted by this |
| 11 | section is filed in the district court, the applicant shall move in the |
| 12 | appropriate court of appeals for an order authorizing the district court |
| 13 | to consider the application. |
| 14 | Therefore, because the Petition now pending challenges the same |
| 15 | conviction as Petitioner's Prior Petition, it constitutes a second and/or successive |
| 16 | petition within the meaning of 28 U.S.C. § 2244(b).  To the extent Petitioner seeks |
| 17 | to pursue the same claims he previously asserted, the Petition is barred by the |
| 18 | provisions of 28 U.S.C. § 2244(b)(1).  To the extent Petitioner seeks to pursue |
| 19 | claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to |
| 20 | secure an order from the Ninth Circuit authorizing the District Court to consider |
| 21 | the Petition, prior to his filing of it in this Court.  Petitioner's failure to secure |
| 22 | such an order from the Ninth Circuit deprives the Court of subject matter |
| 23 | jurisdiction. |

**"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT**

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

| | |
|---|---|
| 1 | Therefore, to the extent the Petition was "mistakenly submitted" to this |
| 2 | Court, the Petition must be referred to the court of appeals. However, it is unclear |
| 3 | whether the district court may both "refer" the Petition to the Ninth Circuit and, at |
| 4 | the same time, dismiss the Petition. After reviewing numerous district court cases |
| 5 | in this circuit, this Court concludes that simultaneous referral and dismissal is |
| 6 | appropriate. *See Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, |
| 7 | 2014). |

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is

governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.

## **ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court shall send a copy of the habeas Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court shall provide petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

///

This action is dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A certificate of appealability is denied.

DATED: December 21, 2018

_____
JESUS G. BERNAL
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge